1
2
3
4
5
6
7

8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11    TERRY COULTER, | )   Case No.: 1:10-cv-01937 - AWI - JLT |
| 12             Plaintiff, | ) <br> )   FINDINGS AND RECOMMENDATIONS |
| 13        v. | )   GRANTING IN PART AND DENYING IN PART <br> )   PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |
| 14 | )   PURSUANT TO THE EQUAL ACCESS TO <br> )   JUSTICE ACT, 28 U.S.C. § 2412(d) |
| 15    MICHAEL J. ASTRUE, <br> Commissioner of Social Security, | ) <br> )   (Doc. 28) |
| 16 | ) |
| 17             Defendant. | ) |

18       Sengthiene Bosavanh, attorney for Plaintiff Terry Coulter, seeks an award for attorney's fees

19 pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d).  (Doc. 28).  Defendant

20 Michael J. Astrue, Commissioner of Social Security ("Defendant"), opposes the motion, asserting

21 Defendant's position was substantially justified and Plaintiff seeks an excessive amount of fees.  (Doc.

22 32).  For the following reasons, the Court recommends the motion for attorney's fees be **GRANTED**

23 **IN PART AND DENIED IN PART**.

24 **I.      Factual and Procedural History**

25       Plaintiff initiated this action on October 15, 2010, seeking review of an administrative decision

26 denying him benefits.  (Doc. 1).  On February 28, 2012, the Court issued an order remanding the

27 matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 26).  The Court

28 determined the ALJ failed to set forth specific, legitimate reasons supported by substantial evidence in

1   the record for rejecting the opinion of Plaintiff's treating physician, Dr. Park.  (Doc. 22 at 14-15).

2   Specifically, the Court found the ALJ failed to "set out a *detailed and thorough summary* of the facts

3   and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Id.* at 15

4   (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

5          Following the entry of judgment, Plaintiff filed a timely application for EAJA fees on May 29,

6   2012.  (Doc. 28).  Defendant filed an opposition to the motion on July 12, 2012.  (Doc. 32).

7   **II.     Legal Standards for EAJA Fees**

8          The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in

9   any civil action . . . including proceedings for judicial review of agency action, brought by or against

10  the United States . . . unless the court finds that the position of the United States was substantially

11  justified or that special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  A party

12  eligible to receive an award of attorney fees under the EAJA must be the prevailing party who

13  received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).

14         The party seeking the award of EAJA fees has the burden of proof that fees requested are

15  reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154

16  F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).  As a

17  result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the

18  litigation, and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987

19  F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of

20  fees and other expenses shall . . . submit to the court an application for fees and other expenses which

21  shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual

22  time expended").  The court has an independent duty to review the evidence to determine the

23  reasonableness of the hours requested in each case.  *Hensley*, 461 U.S. at 433, 436-47.

24         Where documentation of the expended time is inadequate, the court may reduce the requested

25  award.  *Hensley*, 461 U.S. at 433, 436-47.   Further, "hours that were not 'reasonably expended"

26  should be excluded from an award, including "hours that are excessive, redundant, or otherwise

27  unnecessary."  *Id.* at 434.  A determination of the number of hours reasonably expended is within the

28  Court's discretion.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

III.     **Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes.  *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).  Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 26 at 2).  Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an award of EAJA fees, but argues the position of the Commissioner was substantially justified and the fees requested are excessive.  (Doc. 32).

A.     **Defendant's position was not substantially justified.**

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).  The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In addition, "[a] substantially justified position must have a reasonable basis in both law and fact."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process.  28 U.S.C. § 2412(d)(2)(D).  First, Defendant must show "the action or failure to act by the agency" was substantially justified.  *Id.*  Second, Defendant must show the position taken in the civil action was substantially justified.  *Id.*  The inquiry into whether or not the government had a substantial justification must be found on both inquiries.  *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998).  Therefore, here, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the ALJ's decision must have been substantially justified.  A finding that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion.  *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded for the ALJ's failure to evaluate the medical evidence in a proper manner.  (Docs. 22, 26).  The ALJ gave less weight to the opinion of Plaintiff's treating physician "because it is inconsistent with objective evidence in the record . . . [and] Dr. Park is an internist and is treating the claimant for his physical impairments, not his mental impairments."

3

AR at 18.  Defendant argues that the ALJ's actions were substantially justified because "[t]he evidence that the ALJ considered and summarized in her opinion provides a factual basis for the ALJ's assessment."  (Doc. 32 at 4).  However, as noted by the Court, "that a treating physician was not a psychiatrist 'is an improper basis for discounting the testimony of a treating physician.'" (Doc. 22 at 14) (quoting *Sorenson v. Barnhart*, 69 Fed. Appx. 864, 865 (9th Cir. 2003).  In addition, the Court found "the ALJ offered only her conclusions that the medical evidence contradicted the opinion of Dr. Park, without identifying and discussing its conflict with opinions and treatment notes in the medical record."  *Id.* at 15.  Accordingly, the ALJ's evaluation of the medical evidence was improper, and was not substantially justified.

Defendant asserts the Commissioner's position "was substantially justified despite the ALJ's insufficient articulation for assessment of [Dr. Park's] opinion."  (Doc. 32 at 3).  According to Defendant, "not only did the ALJ consider the opinion and give reasons for discrediting it, she also explained what conflicting evidence she considered."  *Id.* at 4 (citing AR at 17-18).  Thus, Defendant concludes that "it was not unreasonable for the Commissioner to defend the ALJ's rejection of Dr. Park's opinion."  *Id.* at 6.

Significantly, however, the Court rejected the Commissioner's position.  Although the ALJ purported to identify conflicting evidence, she did so without explaining how the medical evidence contradicted the findings of Dr. Park.  Because the ALJ offered only her conclusions that the record contradicted the opinion, she failed to evaluate the medical evidence in a proper manner.  Thus, Defendant's position was not substantially justified.

**B.     Plaintiff's fee request must be modified.**

Defendant argues that if the Court finds the Commissioner's was not substantially justified, the fee award should be reduced "to no more than $5,385.25 because the requested fees are excessive and the reduced amount would adequately compensate Plaintiff's attorney."  (Doc. 32 at 6).  According to Defendant, "Plaintiff relied on billing practices that this Court previously rejected and that artificially inflated the fees."  *Id.*  Specifically, Defendant contends the fee award should be reduced for Counsel's review of routine documents, preparation of "boilerplate documents," and inappropriate block billing.  *Id.* at 6-13.

1              1.     Duplicated time entries

2         As an initial matter, review of the affidavit of Ms. Bosavanh reveals duplicative entries for

3    tasks completed on November 17, 2010 and December 2, 2010.  (Doc. 28-2 at 2).  Specifically, Ms.

4    Bosavanh includes the following entries in her time records:

| DATE | DESCRIPTION | TIME |
|------|-------------|------|
| 11/17/10 | Receive and review court notice re: OGC consent to Magistrate | 0.1 |
| 12/02/10 | Receive court notice re: judge reassignment | 0.1 |
| 11/17/10 | Receive and review consent to US Magistrate Judge by OGC attorney | 0.1 |
| 12/02/10 | Receive notice of case reassignment to Judge Wangner [sic] | 0.1 |

(Doc. 28-2 at 2).  Because the entries regarding review of Defendant's consent and the case

reassignment are duplicative, the time for Ms. Bosavanh will be reduced by 0.2 hours in 2010.

              2.     Routine tasks

         Defendant objects to Ms. Bosavanh's "use of 6-minute billing increments for receiving and

reviewing routine documents . . . for routine tasks that should take 2-3 minutes at most." (Doc. 32 at 6)

(citing *Green v. Astrue*, 2012 U.S. Dist. LEXIS 51768, 2012 WL 1232300 (E.D. Cal. Apr. 12, 2012)).

Specifically, Defendant objects to the following entries:

| DATE | DESCRIPTION | TIME |
|------|-------------|------|
| 10/18/10 | Receive and review clerk's notice | 0.1 |
| 10/18/10 | Receive and review court documents, summons, and related documents | 0.3 |
| 11/11/10 | Receive and review return receipt from Commissioner of Social Security and Office of US Attorney; give to staff to file | 0.1 |
| 11/17/10 | Receive and review court notice re: OGC consent to Magistrate | 0.1 |
| 11/30/10 | Receive and review return receipt from Attorney General; give to staff to file | 0.1 |
| 12/02/10 | Receive court notice re: judge reassignment | 0.1 |
| 02/21/11 | Receive and review court notice of lodging of administrative transcript | 0.1 |
| 02/22/11 | Receive and review court notice of acknowledgment of transcript | 0.1 |
| 06/24/11 | Receive extension request from OGC; stipulate to extension request | 0.1 |
| 06/27/11 | Receive and review order granting extension of time signed by Judge | 0.1 |
| 08/30/11 | Receive and review notice of designation of counsel for service | 0.1 |
| 09/02/11 | Receive and review order of case reassignment to Chief Judge Ishii | 0.1 |
| 02/28/12 | Receive and review judgment in favor of Plaintiff | 0.2 |

(Doc. 32 at 7).  According to Defendant, "While the individual entries themselves are not large, in the

aggregate, they show inflated billing."  *Id.*  Therefore, Defendant asserts the time entries above should

be reduced.  *Id.*

                                              5

1    Previously, this Court explained, "Six-minute billing increments, which is how Ms.

2    Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require

3    less than six minutes are recorded separately.  Six-minute billing increments can result in a rounding-

4    up that over-calculates the time actually spent on the tasks in total."  *Green,* 2012 U.S. Dist. LEXIS

5    51768, at *8.  Review of the documents identified reveals a majority are single-page documents or

6    standard forms with which a practitioner such as Ms. Bosavanh, who is familiar with Social Security

7    appeals in this Court, should require "no more than two to three minutes" to review.  *See,* 2012 U.S.

8    Dist. LEXIS 51768, at *8.  For example, Ms. Bosavanh's records indicate it took six minutes to review

9    Defendant's consent, which was a single-page form.  (Doc. 10); *see also Calderon v. Astrue*, 2010

10   U.S. Dist. LEXIS 117761, at *14-15 (E.D. Cal. Oct. 22, 2010) (observing the magistrate judge consent

11   form is a "simple, check-the-box type form[]").  Similarly, the notices and orders issued by the Court

12   are remarkably brief—in some instances a single sentence—and would not take six minutes to review.

13   (*See, e.g.,* Clerk's Notice of Reassignment [Doc. 11]; the Court's Acknowledgment of Receipt of

14   Administrative Transcript; and Clerk's Notice of Document Correction [Doc. 24]).  Therefore, the

15   time spent reviewing the documents identified by Defendants was excessive, and the Court

16   recommends that it be reduced to 0.4 hour in 2010 and 0.3 hour in 2011, for a total of 0.7 hour.  *See*

17   *Fontana v. Astrue*, 2011 U.S. Dist. LEXIS 79666, at *8-9 (E.D. Cal. July 21, 2011) (explaining

18   "reviewing Court documents and service documents" are "simple tasks" and finding 0.5 hour was

19   adequate compensation for these tasks, rather than the 1.4 requested).

20   In addition, Ms. Bosavanh asserts she spent 0.2 hour on the receipt and review of judgment in

21   favor of Plaintiff issued on February 28, 2012.  (Doc. 28-2 at 4).  However, this time appears

22   unreasonable given that the judgment was a one-page document issued by the Clerk of the Court.  In

23   addition, Ms. Bosavanh reported she spent 0.1 hour on the receipt and review of the judgment issued

24   in error on January 12, 2012.  *Id.* at 3.  Notably, the substance of these documents was the same.

25   (*Compare* Doc. 23 *with* Doc. 27).  Accordingly, the Court recommends the time spent in review of the

26   judgments issued be reduced to 0.1 hour.  *See Green*, 2012 U.S. Dist. LEXIS 51768, at *10 (reducing

27   the time spent reviewing the Court's judgment from 0.5 hour to 0.1 hour).

28   ///

6

3.      Preparation and Service of Documents

Ms. Bosavanh reports she spent 1.2 hours on October 15, 2010 to "[p]repare complaint and related documents; E-file federal court complaint," and 1.0 hour on November 4, 2010 to "[p]repare and review documents to serve 3 government officers; review proof of service and consent to Magistrate." (Doc. 28-2 at 2). According to Defendant, the time is "inflated" because it concerns the preparation of "mostly boilerplate documents." (Doc. 32 at 8).

Recently, the Court awarded 0.5 hour for the preparation and filing of the complaint, civil cover sheet, and proposed orders to the Court. *Lopez v. Astrue*, 2012 U.S. Dist. LEXIS 78680, at *10 (E.D. Cal. June 6, 2012). The Court observed "the complaint was 2 1/2 page largely boilerplate document . . . and the civil cover sheet is a one page document that consists of checking two boxes and providing the attorney's name and address and the county of residence of the Plaintiff." *Id.* Similarly, in this action, the complaint was standard document that required Counsel to provide four pieces of information beyond the boilerplate language, including: Plaintiff's name, the benefits requested the date the ALJ issued her decision, and the date the Appeals Council denied Plaintiff's request for review. (*See* Doc. 1). Likewise, the "related documents" filed on October 15, 201, including the Civil Cover Sheet and the proposed order regarding Plaintiff's motion to proceed in forma pauperis, simply required Plaintiff's name be added to the form documents. (*See* Docs. 2, 4). Given the minimal work required to prepare and file these documents, the Court recommends the time for this be reduced to 0.5 hour. *See Lopez*, 2012 U.S. Dist. LEXIS 78680, at *10.

In addition, Ms. Bosavanh does not explain what documents she prepared and reviewed for service. The documents authorized for service included the filed complaint and summons prepared by the Court. (*See* Doc. 5). Thus, Ms. Bosavanh's "preparation" would include only printing the documents, which were served by Ruby Gonzalez. (Doc. 8). Therefore, it appears this billing entry includes work completely previously. Further, as explained by the Court, time spent filing documents is not compensable. *Em v. Astrue*, 2012 U.S. Dist. LEXIS 28011, at *12 (E.D. Cal. Mar. 2, 2012) (clerical tasks including mailing and failing "are not typically compensable under the EAJA"). Accordingly, time billed for November 4, 2010 should not be awarded.

///

7

4.      Request for Extension of Time

Defendant argues the Court should not award fees "for an extension of time for Plaintiff's convenience." (Doc. 32 at 9).  However, this Court has observed that "while filing consent forms with the Court and ensuring that the other party consented may be mundane tasks, they are nonetheless tasks for which the attorney is ultimately responsible." *Elijaeh M. V. v. Astrue*, 2010 U.S. Dist. LEXIS 67616, at *5-6 (E.D. Cal. June 15, 2010).  Accordingly, tasks related to extensions of time may be compensated. *Stairs v. Astrue*, 2011 U.S. Dist. LEXIS 13486, at *5-6 (E.D. Cal. July 21, 2011). However, given the standard nature of such requests, the time is reduced to from 0.3 hour to 0.2 hour. *See VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356, at *24 (E.D. Cal. July 14, 2011) (noting the Court compensated extensions previously "at a rate of .2 hours for one extension").

5.      "Block Billing"

According to Defendant, "Ms. Bosavanh presents a number of time entries in block-billing format," which is a "timekeeping method by which each lawyer and legal assistant enters the total daily time spent working on a case rather than itemizing the time expended on specific tasks." (Doc. 32 at 9) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1522, 1554 n. 15 (10th Cir. 1996)).  Defendant contends the hours reported by Ms. Bosavanh should be reduced because "large block entries do not show how much time she expended on tasks recorded in each entry." *Id.* at 10. Specifically, Defendant asserts the following time entries should be reduced:

| DATE | DESCRIPTION | TIME |
|------|-------------|------|
| 04/21/11 | Review AC denial, case file, administrative transcript (800 pages), conduct legal research, and begin first draft of confidential brief | 8.5 |
| 04/22/11 | Review draft of confidential brief, continue research and analyze, edit brief multiple times; prepare final draft for submission | 7.7 |
| 06/05/11 | Review transcript notes; conduct legal research; prepare first draft of opening brief | 7.0 |
| 06/06/11 | Edit opening brief and finalize for submission | 5.3 |
| 08/19/11 | Conduct legal research, review notes, prepare draft of reply brief | 6.2 |
| 08/20/11 | Draft, edit, and finalize reply brief for submission | 5.0 |

(Doc. 32 at 10-12).  Defendant argues the confidential brief, the opening brief, and the reply brief contain duplicate arguments, and "a significant amount of information in the reply brief was already presented in the opening brief." *Id.*

"[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). However, counsel is "not required to record in great detail how each minute of his time was expended." *Hensley*, 416 U.S. at 427 n.12. Nevertheless, as explained by one district court, "[b]lock billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, 2011 U.S. Dist. LEXIS 63667, at *13 (D. Ore. June 8, 2011); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("block billing makes it more difficult to determine how much time was spent on particular activities"). In addition, a court may reduce a fee award when "documentation of hours is inadequate." *Hensley*, 416 U.S. at 433. Accordingly, the Ninth Circuit has explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format.").

In this case, the large block entries do not specify how much time Ms. Bosavanh took to complete each task recorded in the entries. For example, on April 21, 2011, Ms. Bosavanh spent 8.5 hours reviewing the Appeals Council denial,[1] the case file, and the administrative transcript. (Doc. 28-2 at 3). In addition, she conducted legal research and began to draft the confidential letter brief. *Id.* However, Ms. Bosavanh did not specify how much time she spent reviewing the record compared to conducting legal research or beginning to draft. Three time entries include "legal research," and the Court is unable to determine how many of the 21.7 hours were actually spent on legal research. Likewise, the Court is unable to how many hours Ms. Bosavanh spent *editing* her drafts, because editing appears in time entries totaling 18 hours—with 5.3 hours spent to "[e]dit opening brief and finalize for submission" alone. *See id.*

Significantly, it appears some of the time is duplicative in nature, because preparation of the confidential letter brief should have framed the issues for Plaintiff's appeal. In addition, review of the

---

[1] Notably, Ms. Bosavanh reviewed the Appeals Council denial on August 20, 2010. (Doc. 28-2 at 2). Thus, this time appears unnecessarily duplicative in nature.

1   reply brief—which Ms. Bosavanh reports took 11.2 hours to prepare and edit—reveals approximately

2   twenty-five percent of the eight-page document was lifted, verbatim, arguments presented in the

3   opening brief.  (*Compare* Doc. 15 *with* Doc. 19).  For this reason, the Court recommends the time

4   spent on the reply brief be reduced by twenty-five percent, to 8.4 hours.

5          In addition, given Ms. Bosavanh's practice of block billing, it is impossible to evaluate the

6   reasonableness of the time where Ms. Bosavanh identified multiple tasks in a single entry.  In *Moreno*

7   *v. City of Sacramento*, the Ninth Circuit concluded "the district court can impose a small reduction, no

8   greater than 10 percent—a 'haircut'—based on its exercise of discretion . . ."  *Id.*, 534 F.3d 1106, 1112

9   (9th Cir. 2008); *see also Costa v. Comm'r of the Soc. Sec. Admin*, 2012 U.S. App. LEXIS 17946, at *8

10  (9th Cir. Aug. 24, 2012).  Accordingly, the Court recommends a deduction of ten percent, to a total of

11  25.65 hours for preparation of the confidential letter brief and opening brief.

12                6.       Time in conjunction with the EAJA fee application

13         Ms. Bosavanh seeks 2.5 hours for work related to preparing her time sheet and motion for

14  EAJA fees.  (Doc. 28-2 at 4).  As noted by Defendant, this Court has awarded 1.5 hours for these

15  tasks.  *See, e.g., Lopez*, 2012 U.S. Dist. LEXIS 78680, at *14 (observing "repeated rulings" on Ms.

16  Bosavanh's applications for EAJA fees "have revealed the similar nature of the[] EAJA petitions and

17  billing statements," and awarding 1.5 hours for the work related to the EAJA motion); *Fontana*, 2011

18  U.S. Dist. LEXIS 79666 (allowing 1.5 hours for preparation of the EAJA time sheet).  Therefore, the

19  Court recommends a reduction to 1.5 hours for tasks related to the EAJA motion.

20  **IV.     Findings and Recommendations**

21         As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA.

22  However, as discussed above, certain requests unreasonable and some tasks were duplicative or

23  routine in nature.  With the reductions set forth above, Plaintiff is entitled to an award of fees for **42.75**

24  hours of work, which includes 3.3 hours in 2010, 36.15 hours in 2011, and 3.3 hours in 2012.  Thus,

25  Plaintiff is entitled to an award of **$7,712.40**.[2]

26

27  _____
    [2] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours
    completed in 2010 ($175.06 per hour), 2011 ($180.59 per hour), and 2012 ($183.73).  *See "Statutory Maximum Rates*
28  *Under the Equal Access to Justice Act*," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039
    (last visited September 13, 2012).

Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable to the plaintiff and not the attorney who worked on the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's request for attorney's fees (Doc. 28) be **GRANTED** in the modified amount of $7,712.40; and

2.     This amount be paid to Plaintiff Terry Coulter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the Objections shall be filed and served within fourteen days of the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __September 19, 2012__            _____**/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE