UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY COULTER,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:10-cv-01937 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 35) |

        Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Terry Coulter, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 35). Mr. Coulter has not opposed the motion. Defendant filed a response, asserting the Commissioner "does not assent or object to Counsel's §406(b) fee request," but offered an analysis of the request in its "role 'resembling that of a trustee' for Plaintiff. (Doc. 40 at 3) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002)). For the following reasons, the Court recommends the motion for attorney fees be **GRANTED**.

**I.    Factual and Procedural History**

        Plaintiff and Counsel entered into a contingent fee agreement on September 17, 2010, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits. (Doc. 35, Exh. 1). On October 15, 2010, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1). The Court determined the ALJ's decision was not supported by

substantial evidence in the record, and issued an order remanding the case for payment of benefits to Plaintiff on February 28, 2012. (Doc. 26).

Following the entry of judgment in favor of Plaintiff (Doc. 17), Plaintiff filed a motion for attorneys' fees to be awarded pursuant to the Equal Access to Justice Act. The Court issued Findings and Recommendations granting in part and denying in part Plaintiff's motion on September 19, 2012 (Doc. 33), which were adopted in full on September 19, 2013. (Doc. 36). Plaintiff has not received any of the funds authorized pursuant to the Court's order. (Doc. 40 at 4).

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits. Counsel accepted the risk of loss in the

representation and spent 52.30 hours on the case. (Doc. 35 at 3). Previously, the Court determined 42.75 of these hours were reasonable (with reductions for some duplicative and routine tasks. (*See* Doc. 33 at 10).

As a result of Counsel's work, she secured a remand of the matter for an award of benefits to Plaintiff. For this, Counsel requests a fee of $21,084.23 under the fee contract, because Plaintiff expects to receive $82,811.00 in retroactive benefits. (Doc. 35 at 3). Although the Court authorized the Commissioner to pay $7,712.40 pursuant to the EAJA, it is unclear whether these amounts have now been paid.[1] (Doc. 35 at 1 n. 1; Doc. 40 at 7). As a result, refunding the EAJA fees is not an issue at this time. However, when and if Counsel receives the funds authorized pursuant to the EAJA, this amount must be refunded to Plaintiff. Furthermore, the Agency has approved an award of $6,000 for work performed at the administrative level,[2] which was taken from the 25% of Plaintiff's past due benefits withheld by the Agency. Consequently, it appears only $15,084.23 in fees are at issue and only this amount is available by the Agency, for fees. (Doc. 40 at 2).

Notably, although served with the motion and informed a response may be filed (Doc. 35 at 2), Terry Coulter did not file an opposition, and thereby indicates the belief that the fee request is reasonable.

**IV.     Findings and Recommendations**

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) be **GRANTED**;
2. The Commissioner be **DIRECTED** to pay the funds available, totaling $15,084.23, directly to Counsel; and

---

[1] At the time this motion was filed, the order adopting the Findings and Recommendation ordering payment of the EAJA fees, had not been issued. However, days later, the order adopting the Findings and Recommendation was issued. (Doc. 36) Given that about 45 days have passed since that order issued, it seems likely these funds have now been paid.

[2] Though counsel indicates that she did not intend to seek § 406(a) fees (Doc. 35 at 5 n. 2), these fees have been approved already by the Agency. (Doc. 40 at 2)

3. If Counsel receives or has received the $7,712.40 previously authorized by this Court under the EAJA, Counsel SHALL immediately reimburse this amount to Plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 8, 2013**            **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE